EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Teresita Cabrera<br><br>Recurrida<br><br>v.<br><br>Zen Spa, Inc.<br><br>Peticionario | Certiorari<br><br>2006 TSPR 150<br><br>169 DPR \_\_\_\_ |

Número del Caso: CC-2000-951

Fecha: 5 de octubre de 2006

Tribunal de Apelaciones:

>            Región Judicial de San Juan


Juez Ponente:
>            Hon. Lady Alfonso de Cumpiano


Abogados de la Parte Peticionaria:

>            Lcdo. Pedro J. Salicrup
>            Lcdo. Víctor R. Rodríguez Fuentes

Abogado de la Parte Recurrida:

>            Lcdo. Hugo Rodríguez Díaz
>            Lcdo. Jaime Marcial Falcón

Materia: Despido Injustificado


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Teresita Cabrera

    Recurrida

       v.                         CC-2000-951       *Certiorari*

Zen Spa, Inc.

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 5 de octubre de 2006.

Los hechos pertinentes del presente caso no están en controversia. La señora Teresita Cabrera trabajó del 26 de septiembre de 1998 al 30 de septiembre de 1999 para Zen Spa, Inc. (en adelante Zen Spa), una corporación ubicada en San Juan que se dedica a brindar servicios de belleza. La señora Cabrera ocupaba el puesto de "Spa Coordinator". El 23 de febrero de 2000, la señora Cabrera presentó ante el Tribunal de Primera Instancia de San Juan una querella contra Zen Spa alegando varias causas de acción, al amparo del procedimiento sumario para reclamaciones laborales de la Ley núm. 2 de 17 de

octubre de 1961. En su querella, la señora Cabrera reclamó el pago de la mesada por despido injustificado según dispone la Ley núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. secs. 185a-185m; vacaciones acumuladas y no liquidadas, conforme a la Ley núm. 180 de 27 de julio de 1998, conocida como la Ley de salario mínimo, vacaciones y licencia por enfermedad, 29 L.P.R.A. sec. 250i; compensación por horas de trabajo rendidas fuera de la jornada regular a tenor con la Ley núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. 282; y el bono de navidad provisto por la Ley núm. 148 de 30 de junio de 1969, 29 L.P.R.A. secs. 501 a 507. Solicitó también una indemnización por los sufrimientos y angustias mentales causados por el despido y por la cancelación de la póliza grupal de servicios médicos en violación a la Ley federal COBRA (*Consolidated Omnibus Budget Reconciliation Act*). Por último, sostuvo que Zen Spa incumplió con el contrato de empleo acordado verbalmente entre las partes, al no pagarle un bono anual por objetivo de ventas al final del año de trabajo.

El patrono querellado fue emplazado el mismo día que se presentó la querella. El emplazamiento se notificó personalmente a través de la señora Ibis Cintrón, Presidenta de Zen Spa, Inc., en las instalaciones de la corporación en la Avenida Ashford del Condado. El 8 de marzo de 2000, catorce (14) días después del emplazamiento, la señora Cabrera solicitó al tribunal que

dictara sentencia contra su expatrono, ya que éste no presentó su contestación a la querella dentro del término de diez (10) días dispuesto por la Ley núm. 2.

En esa misma fecha, Zen Spa presentó una moción jurada solicitando una prórroga no menor de veinte (20) días para contestar la querella. Sostuvo que conforme a la Ley núm. 2, el término aplicable para contestar la querella no era el de diez (10) días sino el de quince (15) porque la querellante, señora Cabrera, no reside en el mismo distrito judicial en el cual se sitúa la oficina principal de la corporación querellada y en el que se presentó la acción judicial. Alegó que la prórroga se justificaba ante la complejidad de las reclamaciones de la señora Cabrera, que hacían necesaria una extensa investigación en los expedientes de personal. También adelantó que solicitaría que el procedimiento se encauzara por la vía ordinaria. Entre las partes mediaron varios escritos en torno al término aplicable para contestar la querella y si procedía tramitar las reclamaciones por la vía ordinaria.

Así las cosas, el 20 de marzo de 2000, Zen Spa presentó su contestación a la querella. Entre sus alegaciones, negó que se hubiera obligado contractualmente a pagarle a la señora Cabrera un bono por objetivo de venta y levantó la defensa de jurisdicción sobre la materia en cuanto a la reclamación al amparo de la Ley COBRA. También alegó que la señora Cabrera fue despedida

por justa causa por motivaciones económicas y disciplinarias, y que debido a la acumulación de reclamaciones laborales, contractuales, extracontractuales y federales no procedía atender el caso por la vía sumaria de la Ley núm. 2.

Luego de varios trámites procesales, el tribunal de instancia concedió término a la querellante para que presentara un proyecto de sentencia y declaró no ha lugar la solicitud de prórroga presentada por Zen Spa. Éste, a su vez, solicitó reconsideración. Arguyó que no procedía la anotación de rebeldía, que no fue notificado adecuadamente del plazo que tenía para contestar la querella, que del emplazamiento no se desprendía que se trataba de un procedimiento sumario, que tenía defensas válidas sobre algunas de las reclamaciones laborales incoadas, y que se tenía que pasar prueba sobre las sumas no líquidas solicitadas en resarcimiento por el incumplimiento de contrato y por los daños y perjuicios alegados.

El tribunal de instancia concedió un nuevo término a la señora Cabrera para presentar el proyecto de sentencia. Sin embargo, el 25 de mayo de 2000, el tribunal emitió otra resolución dejando sin efecto la orden anterior y levantó la anotación de rebeldía al patrono querellado. Además decretó la continuación de los procedimientos en forma ordinaria.

Inconforme, la señora Cabrera acudió ante el entonces Tribunal de Circuito de Apelaciones. Cuestionó la conversión del procedimiento en uno ordinario y que se hubiera dejado sin efecto la anotación de rebeldía. Zen Spa se opuso al recurso de revisión alegando que la anotación de rebeldía era improcedente porque no se le había emplazado válidamente ya que la notificación de la querella no le apercibió adecuadamente del término que tenía para contestarla. También arguyó que ante las causas de acción y las circunstancias específicas de las reclamaciones, el procedimiento ordinario era el más adecuado para ventilar la querella.

El tribunal apelativo resolvió el 18 de septiembre de 2000 y revocó al tribunal de instancia. Resolvió que la notificación a Zen Spa se hizo en el mismo distrito judicial en el que se presentó la acción, por lo cual el término para contestar la querella era de diez (10) días. Igualmente determinó que el emplazamiento fue adecuado, ya que advertía al patrono de la naturaleza sumaria del procedimiento y los efectos de no contestar oportunamente la querella. Por tanto, el foro apelativo concluyó que procedía anotar la rebeldía de Zen Spa al ésta presentar tardíamente su moción de prórroga sin justificar adecuadamente su incumplimiento con el plazo estatutario. Resolvió, además, que alguna de las reclamaciones de la señora Cabrera se podrían ventilar por la vía ordinaria, por lo cual ordenó al tribunal de instancia celebrar una

vista para fragmentar las causas de acción. El tribunal debía entonces dictar sentencia en rebeldía en cuanto a las reclamaciones de clara naturaleza laboral que fueran propias de disposición por la vía sumaria, y evaluar la complejidad de las demás reclamaciones para determinar si debían adjudicarse bajo el trámite ordinario.

Por no estar de acuerdo con esta determinación, Zen Spa nos solicita que revoquemos la sentencia del tribunal de apelaciones. Alega nuevamente que la querella no fue notificada adecuadamente pues inducía a error al patrono en cuanto al término que tenía para contestarla. Arguye también que el tribunal de instancia ejerció su discreción al sustraer todas las reclamaciones del procedimiento sumario y encauzarlas por la vía ordinaria, por lo cual el tribunal apelativo erró al ordenar que se dictara sentencia en rebeldía en cuanto a las reclamaciones laborales. Por último, aduce que la decisión del foro de instancia era interlocutoria y que el tribunal apelativo no tiene jurisdicción para revisar y revocar este tipo de resolución en un procedimiento sumario para reclamaciones laborales.

El 22 de diciembre de 2000 nos negamos a expedir el auto solicitado por Zen Spa y luego declaramos no ha lugar la primera moción de reconsideración presentada por éste. Sin embargo, ante la segunda moción de reconsideración, expedimos el auto de *certiorari*.

Luego de examinar detenidamente el asunto, este Tribunal ha acordado confirmar la sentencia recurrida y modificarla sólo a los efectos de ordenar la celebración de una vista en rebeldía en la que se presente la prueba que sea necesaria para realizar los cálculos pertinentes a los remedios solicitados. Por tanto, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. La Jueza Asociada señora Fiol Matta emitió una opinión concurrente a la cual se unen los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez. El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez disienten sin opinión.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Teresita
Cabrera

 Recurrida

  v.         CC-2000-951

  *Certiorari*

Zen Spa, Inc.

 Peticionario

Opinión Concurrente emitida por la JUEZA ASOCIADA SEÑORA FIOL MATTA a la cual se unen los JUECES ASOCIADOS SEÑORES FUSTER BERLINGERI Y RIVERA PÉREZ

En San Juan, Puerto Rico, a 5 de octubre de 2006.

Concurro plenamente con la disposición del presente caso. Sin embargo, entiendo que debemos aprovechar la oportunidad que nos brinda este recurso para aclarar la jurisdicción del Tribunal de Apelaciones para revisar resoluciones interlocutorias en procedimientos sumarios al amparo de la Ley núm. 2 de 17 de octubre de 1961. Además, la peticionaria plantea asuntos relacionados con la suficiencia de la notificación y el encauzamiento de las reclamaciones de la recurrida por la vía sumaria que a mi entender ameritan clarificación por este Tribunal.

I

Veamos primeramente lo relativo a la jurisdicción del tribunal apelativo para revisar

resoluciones interlocutorias dictadas en un procedimiento sumario. La peticionaria alega que de acuerdo a la norma pronunciada por este Tribunal en Dávila v. Antilles Shipping, Inc., 147 D.P.R. 483 (1999), el foro apelativo carecía de jurisdicción para revisar la orden del tribunal de instancia levantando la rebeldía y disponiendo que el caso se tramitara por la vía ordinaria, al tratarse de una resolución interlocutoria.

Como regla general, las resoluciones interlocutorias no son revisables cuando se emiten al amparo de la Ley núm. 2. Así lo decidimos en Dávila v. Antilles Shipping, Inc., supra, págs. 497-498. Nos autolimitamos de esta forma con el fin de evitar que las trabas procesales menoscaben la esencia sumaria de los procedimientos al amparo de la Ley núm. 2, evitando así el efecto dilatorio que podría tener la intromisión apelativa a destiempo en la pronta resolución de las reclamaciones de los trabajadores. Con esto en mente, resolvimos que, de ordinario, la parte que pretenda impugnar estas resoluciones debe esperar hasta que se dicte sentencia final para entonces instar un recurso a base del error alegado.

Sin embargo, se trata de una norma de autolimitación que, como todas las de esta naturaleza, no es absoluta. En ese mismo caso establecimos como excepciones: "aquellos supuestos en que [la resolución interlocutoria] se haya dictado sin jurisdicción por el tribunal de instancia y aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo". Dávila v. Antilles Shipping, Inc., supra, págs. 498. Entre estos casos extremos se encuentran aquellos en los que la revisión inmediata, en etapa interlocutoria, dispondría del

caso o aseguraría su pronta disposición en forma definitiva, así como aquellos en los que la revisión inmediata de la resolución interlocutoria tendría el efecto de evitar una "grave injusticia". <u>Dávila v. Antilles Shipping, Inc.</u>, supra, pág. 498; <u>Ruiz Rivas v. Colegio San Agustín</u>, 152 D.P.R. 226, 232 (2000).

Conforme a lo anterior, el Tribunal de Apelaciones puede revisar la decisión interlocutoria de aceptar una contestación de la querella fuera del término, cuando no se ha presentado oportunamente una solicitud de prórroga juramentada, puesto que los tribunales carecen de jurisdicción para conceder prórrogas en violación a los plazos establecidos por la Ley núm. 2. También puede revisar una determinación interlocutoria sobre el encauzamiento procesal de una reclamación laboral, ya que la decisión final tomada en la etapa apelativa resultará en la pronta disposición del caso en forma definitiva. A mi entender, estos son ejemplos claros de las excepciones a la norma que adoptamos en <u>Dávila v. Antilles Shipping, Inc.</u>, supra, que son acorde al principio de economía procesal y al propósito primordial de la Ley núm.2 de dispensar justicia a los trabajadores de forma justa, rápida y económica.

Por tanto, aplicando los pronunciamientos anteriores de nuestra jurisprudencia, resolvería que tanto el tribunal apelativo como este foro tienen jurisdicción para revisar una resolución interlocutoria que determina la manera en que se encauzarán los procedimientos en instancia, para determinar si el tribunal de instancia tenía facultad emitirla, o si actuó de forma *ultra vires*.

Miremos ahora los errores señalados por Zen Spa.

II

Como primer error, la peticionaria, Zen Spa, Inc., alega que no procedía la anotación de rebeldía porque el emplazamiento fue defectuoso al inducirle a error en cuanto al término que tenía para presentar su contestación. Indica que de la notificación no surge claramente que la reclamación de autos se estaba tramitando bajo el procedimiento sumario de reclamaciones laborales, ni tampoco cuáles eran las consecuencias de no contestar conforme a derecho. También alega que en dicho documento no se utilizan los términos "querellante" y "querellado" sino los de "demandante" y "demandado".[1] La peticionaria entiende que estas omisiones son contrarias a la sección 3 de la Ley núm. 2, que ordena que la notificación de la querella debe apercibir al querellado del término que tiene para presentar su contestación por escrito y que de no hacerlo "se dictara sentencia en su contra, concediendo el remedio solicitado,

_____

[1] El epígrafe del emplazamiento caracterizaba a las partes como Parte Demandante y Parte Demandada e identificaba las reclamaciones y el procedimiento como:

Despido Injustificado
Pago de Horas Extras y Liquidación de Vacaciones
Pago de Bono
Incumplimiento de Contrato
Daños y perjuicios
(Procedimiento Sumario)

Además, en la parte inferior señalaba lo siguiente:

Por la presente se le emplaza y requiere para que notifique al Licenciado . . .
. . . .
Abogado del demandante, cuya dirección es la que deja indicada con copia de la contestación a la demanda, copia de la cual le es servida en este acto, dentro de los diez (10) días de haber sido diligenciado este Emplazamiento, si la citación se hiciere en la isla de Puerto Rico; y dentro de los veinte (20) días si se hiciere en otra parte fuera de Puerto Rico, excluyéndose el día del diligenciamiento, apercibiéndose que en caso de no hacerlo así podrá dictarse Sentencia en rebeldía en contra suya, concediendo el remedio solicitado.

sin más citarle ni oírle". 32 L.P.R.A. sec. 3120. Arguye que de todas formas no procede la anotación de rebeldía porque su moción solicitando prórroga para contestar estaba justificada debido a la complejidad de las reclamaciones. Plantea, además, que contestó la querella oportunamente porque el término que le aplica es el de quince (15) días, ya que la querellante reside en un distrito judicial distinto al distrito en el cual se presentó la querella. Según explicamos a continuación, no tiene razón.

Primeramente, me parece totalmente inmeritoria la alegación de que el plazo de quince (15) días es el que aplica al caso de autos, porque la acción se promovió en un distrito judicial distinto al de la *residencia* de la querellante. La Ley claramente dispone que la querella deberá ser contestada "*dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción*, y dentro de quince (15) días en los demás casos . . .". 32 L.P.R.A. sec. 3120 (énfasis suplido). La Ley núm. 2 no distingue entre los términos para contestar a base del lugar de residencia del promovente de la querella, sino en consideración al lugar en que se *presenta la acción judicial* y se notifica la misma. En el caso de autos, la acción se presentó en el mismo distrito judicial (San Juan) del lugar en el cual se notificó la querella (Condado), por lo cual el plazo aplicable era el de diez (10) días.

En cuanto a si la notificación de la querella fue adecuada, debemos comenzar aclarando lo que requiere la Ley. Ésta dispone que para que la notificación del procedimiento sumario sea válida es necesario cumplir con los siguientes requisitos: notificar al querellado con copia de la querella;

apercibirle que tiene que contestar dentro del plazo de diez (10) días desde la notificación si ésta tiene lugar en el mismo distrito judicial en el que se promueve la acción o dentro de quince (15) días en los demás casos, con copia al abogado de la parte querellante o a dicha parte, si ésta comparece por derecho propio; advertirle al querellado que de no contestar conforme a la Ley núm. 2 se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Véase, 32 L.P.R.A. sec. 3120. La finalidad de estos requisitos de citación es la de ofrecer una probabilidad razonable de informarle al patrono querellado sobre la acción entablada.

Para asegurar la pronta adjudicación de estas reclamaciones, y tomando en consideración la disparidad económica entre el patrono y el obrero, y el hecho de que la mayor parte de la información sobre la reclamación salarial está en poder del patrono, el procedimiento al amparo de la Ley núm. 2 establece términos cortos para la contestación de la querella presentada por el obrero o empleado; criterios para la concesión de una sola prórroga para contestar la querella; un mecanismo sencillo para el emplazamiento del patrono querellado; un procedimiento simplificado para presentar defensas y objeciones; criterios especiales para la aplicación de las Reglas de Procedimiento Civil; una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; *la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella*, y los mecanismos para la revisión y ejecución de las sentencias y

el embargo preventivo. 32 L.P.R.A. secs. 3120, 3121, 3133; Santiago Pérez v. Palmas del Mar, 143 D.P.R. 886, 892 (1997).

El mecanismo de emplazamiento establecido por la Ley núm. 2 fue creado específicamente para cumplir con el propósito legislativo de establecer un medio rápido y eficiente a través del cual el obrero pueda notificarle al patrono sobre su reclamación laboral. León v. Rest. El Tropical, supra, págs. 256-257. Al adjudicar asuntos bajo este trámite hemos exhibido cierto pragmatismo y flexibilidad con el objetivo de evitar que tecnicismos le impidan al obrero tener su día en corte. Así, hemos resuelto que lo importante es que el patrono advenga en conocimiento de que se ha presentado una acción judicial en su contra y brindarle a éste "las *oportunidades básicas del debido proceso de ley* para defender sus derechos". Hernández v. Espinosa, 145 D.P.R. 248, 270 (1998); León v. Rest. El Tropical, 154 D.P.R. 249 (2001); Srio del Trabajo v. Mayagüez O.M. Club, 105 D.P.R. 279 (1976). Acorde a lo anterior, hemos indicado que lo que el debido proceso de ley exige es que el método de notificación utilizado ofrezca una *probabilidad razonable* de informarle al patrono querellado sobre la acción entablada en su contra. Quiñones Román v. Compañía ABC, 152 D.P.R. 367, 374 (2000); Márquez Resto v. Barreto Lima, 143 D.P.R. 137, 143 (1997).

Los tribunales, como norma general, tienen la obligación de darle estricto cumplimiento al procedimiento sumario establecido en la Ley y carecen de jurisdicción para conceder prórrogas cuando no se cumpla con las disposiciones estatutarias. En cuanto a la contestación de la querella, la Ley permite extender el término concedido para ello exclusivamente cuando la parte querellada presenta una moción

de prórroga juramentada en la que especifique las justificaciones para lo que se solicita. Sin embargo, salvo circunstancias excepcionales, *las solicitudes de prórroga tienen que ser radicadas dentro del término que tiene la parte querellada para formular su contestación a la querella*. Díaz v. Hotel Miramar Corp., 103 D.P.R. 314, 320 (1975).

La consecuencia de que el patrono querellado no conteste o solicite prórroga para contestar dentro del término prescrito es la anotación de rebeldía y la concesión del remedio solicitado sin más citarle ni oírle. Al respecto, la sección 4 de la Ley dispone:

> Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sección 3 de esta Ley, *el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado*. En este caso dicha sentencia será final y de la misma no podrá apelarse . . . 32 L.P.R.A. sec. 3121 (énfasis suplido).

Dado el carácter mandatorio y no discrecional de esta disposición, una vez vencido el término para contestar la querella sin que se haya justificado adecuadamente la incomparecencia del patrono, el tribunal debe anotar la rebeldía del querellado. El efecto de anotar la rebeldía es que se admiten como ciertos todos y cada uno de los hechos correctamente alegados, aunque ello no significa que deban concederse remedios que no han sido justificados adecuadamente, mediante alegaciones o prueba. Por eso, los tribunales están autorizados a celebrar cuantas vistas en rebeldía crean necesarias y adecuadas para comprobar cualquier alegación, siempre y cuando no desvirtúe el carácter sumario del procedimiento. Ruiz Rivas v. Colegio San Agustín, supra, pág. 236.

Una lectura detenida de la notificación diligenciada al patrono querellado demuestra que en este caso se cumplió con el objetivo primordial de informarle razonablemente que debía contestar la querella en el plazo de diez (10) días de la notificación, con copia al abogado de la querellante, y que de no hacerlo podría dictarse sentencia en su contra concediendo los remedios solicitados. Por consiguiente, se apercibió a la parte querellada del plazo que tenía para contestar la querella presentada, y de las consecuencias de no contestar en dicho término. La información adicional y equivocada de que el término para contestar la querella era de 20 días si se hacía "en otra parte fuera de Puerto Rico", no podía inducir al querellado a error, pues éste no reside ni se le notificó "fuera de Puerto Rico", sino en el mismo distrito judicial en el que se presentó la acción, por lo cual le aplica el término de 10 días para contestar la querella. Este plazo de diez (10) días se hizo constar claramente en la notificación de la querella.

Por otro lado, tanto en el encabezamiento como en la reclamación surge diáfanamente claro que la acción fue instada bajo el procedimiento sumario de la Ley núm. 2. En el epígrafe del emplazamiento se identifica la naturaleza del asunto como "Procedimiento Sumario" y en la copia de la acción presentada, ésta se denomina "Querella", las partes son caracterizadas como "Querellante" y "Querellado" y el asunto se denomina "Procedimiento Sumario", además de que en las alegaciones se menciona expresamente el procedimiento sumario de la Ley núm. 2. Una lectura de la notificación y de la querella pone de manifiesto que las reclamaciones fueron instadas bajo el procedimiento sumario. Bajo estas circunstancias, el haber identificado a las partes como

"demandante" y "demandada" en la notificación no es óbice para interpretar razonablemente que la acción presentada se estaba tramitando por el procedimiento sumario. Habiéndose apercibido al patrono de las consecuencias de no contestar en el plazo aplicable tampoco vicia la notificación el que no se copiara *ad verbatim* la frase que de no contestar la querella conforme la Ley núm. 2 "se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle".

Por tanto, no podemos concluir que las omisiones o errores de la notificación, por separado o en conjunto, eran de tal índole que tuvieran el efecto de desvirtuar el carácter especial del procedimiento y que no notificaron *razonablemente* al patrono de la acción presentada, el procedimiento invocado, el plazo para contestar y las consecuencias de no hacer esto último conforme lo ordena la Ley. No debemos olvidar que esta etapa del trámite debe regirse por el pragmatismo y la flexibilidad, para evitar que meros tecnicismos obstaculicen el carácter sumario de este procedimiento. Por otra parte, en la moción de prórroga presentada por el patrono, éste reconoce que las reclamaciones de la señora Cabrera se presentaban al amparo de la Ley núm. 2. Incluso, el propio abogado del patrono admite en el recurso de *certiorari* ante nuestra consideración "que cometió un error de juicio al estimar que el término para contestar era de 15 y no de 10 días". Por tanto, es cabe concluir que la tardanza en contestar la querella no fue provocada por la confusión que alegadamente causó la notificación de la querella.

En vista de lo anterior, entiendo que la querella fue notificada adecuadamente, por lo que el patrono tenía diez (10) días desde dicha notificación para contestarla. Sin

embargo, no lo hizo así, optando en vez por presentar una moción de prórroga a los doce (12) días de la notificación. Conforme a la Ley y nuestra jurisprudencia, debemos concluir que el patrono no contestó la querella ni presentó su moción de prórroga dentro del término prescrito por ley. Extinguido el término para contestar la querella sin la comparecencia del querellado, el tribunal estaba impedido de tomar cualquier otra acción que no fuera la de anotar la rebeldía del patrono. En ausencia de una justificación oportuna de su incumplimiento y de circunstancias excepcionales que permitieran una interpretación flexible de la Ley núm. 2, el tribunal carecía de jurisdicción para conceder más tiempo a la parte querellada para contestar. Según el mandato expreso de la Ley núm. 2 procedía que el tribunal dictara "sentencia [en contra del querellado], concediendo el remedio solicitado, sin más citarle ni oírle". 32 L.P.R.A. sec. 3120.

De igual forma, una vez anotada la rebeldía, el tribunal no tenía jurisdicción para levantarla y aceptar la contestación de la querella fuera de término. Así, el tribunal abusó de su discreción al aceptar una solicitud de prórroga presentada tardíamente, en la cual ni siquiera se explican las razones por las cuales se incumplió con el término prescrito por ley. Por consiguiente, actuó correctamente el Tribunal de Apelaciones al revocar la orden de instancia que levanta la anotación de rebeldía.

III

Como segundo error, Zen Spa señala que el Tribunal de Apelaciones no debió revocar la decisión del tribunal de instancia de sustraer todas las reclamaciones del procedimiento sumario para darles curso por la vía ordinaria, como tampoco debió ordenar al foro de instancia que dictara

sentencia en rebeldía en cuanto a las reclamaciones laborales. Arguye el peticionario que el tribunal de instancia tenía discreción para decidir que la complejidad de las reclamaciones hacían necesario un descubrimiento de prueba extenso. En particular, alega que las reclamaciones por incumplimiento de contrato y daños y perjuicios, por su propia naturaleza, requieren un análisis ponderado de los intereses de las partes que solo se puede lograr mediante el trámite ordinario de la acción judicial. También, aduce que las alegaciones de la querella no eran suficientes como para sostener una sentencia en su contra. Tampoco tiene razón.

No obstante el riguroso carácter sumario de la Ley núm. 2, hemos reconocido que el tribunal adjudicador tiene facultad discrecional para encauzar por el trámite ordinario, a petición de parte o *motu proprio*, aquellas reclamaciones que sean particularmente complejas —como, por ejemplo, aquellas en las cuales haya que evaluar elementos subjetivos de intención, propósitos mentales, sufrimiento o angustias mentales. Sin embargo, tal determinación no debe hacerse livianamente. Por eso, no son suficientes meras alegaciones del patrono sobre la complejidad de la acción en su contra. Incluso, de estimarlo necesario, el tribunal puede celebrar una vista para dilucidar la vía por la cual tramitará las reclamaciones. Además, conforme a los preceptos de la Ley núm. 2 y a nuestra jurisprudencia, una vez anotada la rebeldía el juez de instancia debe tomar como ciertas las alegaciones de la querella y dictar sentencia contra el querellado concediendo el remedio solicitado en cuanto a las reclamaciones de naturaleza laboral.

En vista de lo anterior, el Tribunal de Primera Instancia no tenía jurisdicción en este caso para dejar sin

efecto la rebeldía y convertir la totalidad del procedimiento en uno ordinario.  En circunstancias como las presentes, el tribunal solo tiene discreción para conceder una vista en rebeldía si estima que las alegaciones de la querella no son suficientes para conceder el remedio solicitado o que los fundamentos de derecho han sido incorrectamente formulados.

También hemos sostenido la facultad del tribunal de instancia, una vez determina que una de varias reclamaciones presentadas en una querella al amparo de la Ley núm. 2 debe adjudicarse por la vía ordinaria, para encauzar por esa misma vía las demás reclamaciones de la querella para evitar la fragmentación innecesaria de las causas de acción. Berríos Heredia v. González, 151 D.P.R.327, 348 (2000).  Sin embargo, también señalamos que cuando el patrono querellado se encuentre en rebeldía, la fragmentación de las causas de acción podrían facilitar al juzgador la resolución de las controversias laborales.  Id., pág. 348, nota al calce 3.

Esto fue precisamente lo que hicimos en Marín Kuilan v. Fastening Systems, Inc., 142 D.P.R. 499 (1997), al ordenar al tribunal de instancia dictar sentencia en rebeldía para algunas de las reclamaciones y continuar otras acciones por la vía sumaria u ordinaria, según determinara, en el ejercicio de su discreción. Concluimos entonces que no hay problema de duplicación cuando las reclamaciones que no sean encauzadas por la vía ordinaria son resueltas por una sentencia dictada en rebeldía.

En el caso de autos las reclamaciones de la querellante en cuanto la mesada por despido injustificado, vacaciones y días por enfermedad acumuladas, horas trabajadas en exceso y el bono de Navidad son claramente de naturaleza laboral y no presentan grandes complejidades, tomando en cuenta que la

señora Cabrera trabajó solamente alrededor de un año para Zen Spa. En vista de ello, el Tribunal de Apelaciones actuó correctamente al resolver que estas reclamaciones que emanan de leyes especiales protectoras del trabajador no debían ser sustraídas del procedimiento sumario y que respecto a ellas procedía dictar sentencia en rebeldía.

Ahora bien, las alegaciones de la señora Cabrera no son suficientes, sin más, para conceder el remedio solicitado. Por ejemplo, en la querella no se incluyó un desglose del horario trabajado por la querellante que permita hacer los cálculos necesarios para conceder la reclamación por horas extras. Para poder conceder de forma adecuada y justa los remedios solicitados por la querellante, resulta necesario celebrar una vista en rebeldía.

También resulta evidentemente correcta la decisión del foro apelativo de ordenar la celebración de una vista para que el tribunal de instancia determinara si las reclamaciones por incumplimiento de contrato y daños y perjuicios ameritan la continuación de los procedimientos por el trámite ordinario. Estas reclamaciones requieren la adjudicación de elementos subjetivos de intención, sufrimiento y angustias mentales, y, por tanto, el tribunal debe evaluar si las circunstancias particulares de este caso ameritan la prolongación del descubrimiento de prueba más allá de lo permitido por la Ley núm. 2.

En vista de lo anterior, el Tribunal de Apelaciones no erró al revocar la resolución del Tribunal de Primera Instancia, dejar sin efecto el relevo de la anotación de rebeldía y ordenar que se dicte sentencia sumaria sobre las reclamaciones de naturaleza laboral propias del procedimiento de la Ley núm. 2. Tampoco erró al ordenar que

celebre una vista para determinar si las reclamaciones restantes ameritan ser adjudicadas por la vía ordinaria. Erró, sin embargo, en no ordenar que se celebrara una vista en rebeldía para recibir prueba sobre los reclamos específicos de la querellada al amparo de la legislación laboral. La sentencia que dictamos el día de hoy subsana ese error.


Liana Fiol Matta
Jueza Asociada